# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT EARL CHRISTOPHEL, and
JACKIE ANN CHRISTOPHEL,

    Plaintiffs,

 v.                  Case No. 08-CV-755

MARY BRANDL,

    Defendant.

## ORDER

On September 4, 2008, *pro se* plaintiff Robert Earl Christophel filed a complaint against Mary Brandl, a parole officer, alleging various civil rights violations as a result of Brandl's imposition of a "no contact" order between Mr. Christophel and his wife, Jackie Ann Christophel. (Docket #1) When he filed the complaint, Mr. Christophel listed Mrs. Christophel as a plaintiff in this case; however, Jackie Ann Christophel's signature does not appear anywhere on the complaint. In connection with his complaint, Mr. Christophel also filed a motion for leave to proceed *in forma pauperis*, and submitted an IFP form – a sworn affidavit in which a plaintiff details his income and assets under penalty of perjury. (Docket #2).

On November 4, 2008, the Clerk of the Court sent Jackie Ann Christophel a letter explaining that it had received Mr. Christophel's IFP form, but not one from Mrs. Christophel, and that if she wanted to proceed *in forma pauperis* then she needed to file an IFP form. (Docket #5) That letter was returned as undeliverable.

Then, on November 12, 2008, the clerk received from Mr. Christophel new address information for Mrs. Christophel. The following day, November 13, 2008, the clerk re-mailed the aforementioned letter (Docket #5) to Jackie Ann Christophel at her new address, informing her of the need to file an IFP form if she wished to proceed *in forma pauperis*. That letter was not returned undeliverable, nor did Jackie Ann Christophel respond to the letter.

Upon consideration that Jackie Ann Christophel has not signed any of the documents before the court, nor responded to any correspondence from the clerk, it appears to the court that despite Mr. Christophel's naming her as such, she is in fact not a plaintiff in this case. The court, therefore, dismisses Jackie Ann Christophel from this case. This is the correct result even if she were an actual plaintiff, as she has failed to pay a filing fee or file a motion to proceed *in forma pauperis*.

As for Mr. Christophel's motion to proceed *in forma pauperis*, the court considers the information in his IFP form sufficient to warrant granting him IFP status. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Section 1915 requires all litigants to submit an affidavit including the nature of the action, the affiant's belief of entitlement

to redress, and the affiant's financial statements setting forth why the litigant is unable to pay the costs of an appeal. 28 U.S.C. § 1915(a)(1). According to Mr. Christophel's IFP form, he has four legal dependants, as well as $815.00 in monthly expenses, and he has only $709.00 of monthly income. Based upon this information, the court determines that Mr. Christophel is unable to pay the costs of commencing this action.

In addition to the aforementioned statutory requirements for filing *in forma pauperis*, prisoner litigants have additional requirements under the Prison Litigation Reform Act (PLRA). Unlike other *in forma pauperis* litigants, a prisoner litigant must pay the full amount of the filing fees for his civil action. *See* 28 U.S.C. § 1915(b). A prisoner litigant must also submit a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The court will then assess and collect an initial partial filing fee from the prisoner. The initial filing fee is 20 percent of either the average monthly deposits to the prisoner's trust account, or the average monthly balance for that account for the six-month period prior to the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. 1915(h). Thus, to determine whether an IFP applicant is a

-3-

Case 2:08-cv-00755-JPS   Filed 12/31/08   Page 3 of 4   Document 6

"prisoner" within the meaning of the PLRA, the court must answer two questions: "(1) whether [the plaintiff] is 'incarcerated or detained in any facility' and (2) if so, whether it is as a result of his criminal conviction." *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). Though Mr. Christophel is currently a prisoner at the Milwaukee Secure Detention Facility, at the time he filed the suit and sought IFP status, his IFP form indicates he was not incarcerated, and that he could receive mail at either the Clement J. Zablocki VA Medical Center or at a private residence. Thus, it seems clear he was not a "prisoner" at the time of filing. Therefore, the additional IFP requirements imposed on prisoners by the PLRA do not apply to Mr. Christophel.

Accordingly,

**IT IS ORDERED** that, plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Jackie Ann Christophel is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge